DOMINICO DELUGLIO *vs.* ANTHONY R. BARNEY.

PROVIDENCE—FEBRUARY 28, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *New Trial. Requests to Charge.*

Defendant requested the court to charge that "If plaintiff demanded coal from defendant only by telephone, a refusal by telephone to fill such order is not sufficient to show that the defendant has broken the contract and defendant is entitled to a verdict:"—

*Held*, that the request did not raise the question whether evidence of demand and refusal by telephonic messages without identification of the parties was sufficient to show a breach of contract where such demand was denied by defendant, but expressly admitted a demand "from the defendant" and "a refusal by telephone," and was properly refused.

ASSUMPSIT for breach of contract. Heard on petition of defendant for new trial, and petition denied.

(1)    PER CURIAM.    The request which was refused and to which exception was taken was: "If the plaintiff demanded coal

from the defendant only by telephone, prior to December 1st, 1900, a refusal by telephone to fill such order is not sufficient to show that the defendant has broken the contract, and the defendant is entitled to a verdict."

We are unable to see that the request raises the question of law that has been argued. It expressly admits a demand "from the defendant" and "a refusal by telephone." There can be no question of liability in such a case. The question argued was whether the plaintiff could be held to have proved a breach of contract by the defendant so as to warrant a recovery, where such demand was denied by the defendant, and the only evidence of such demand and refusal were telephonic messages, without evidence of identification of the defendant or his agent as the person with whom communication was had. But these elements are not embodied in the request. Quite likely counsel and court may have understood the request as raising the question argued here, but we cannot know this. The record simply shows that the request was denied, without giving the reason. The only question before us is whether the request should have been granted as it stands, and we think it is clear that it should not.

The evidence is sufficient to sustain the verdict, and the petition for a new trial is denied.

*Thomas Z. Lee,* for plaintiff.
*Chester W. Barrows,* for defendant.